Patrick P. Toscano, Jr., Esq. (Attorney No. 014461986)
Matthew J. Toscano, Esq. (Attorney No. 305642019)
**THE TOSCANO LAW FIRM, LLC**
80 Bloomfield Avenue
Suite 101
Caldwell, NJ 07006
Phone: (973) 226-1691
Facsimile: (973) 226-1693

*Attorneys for Plaintiff*
*Ana Diaz Vega, as Guardian Ad Litem for J.H.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA DIAZ VEGA, as Guardian Ad Litem for J.H.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, NEWARK BOARD OF EDUCATION, QUITMAN STREET SCHOOL and COREY FOUSHEE,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1. This is an action for redress on behalf of a harmless, seven (7) year old autistic special needs child/student who was viciously, savagely, cruelly and violently assaulted, beaten and battered on at least two (2) separate occasions by defendant, Corey Foushee, an employee of defendant, Quitman Street School, while this autistic child was enrolled at school. It is alleged that defendants City of Newark, Newark Board of Education and Quitman Street School were deliberately indifferent to this horrific physical abuse and that these violations and torts were

committed as a result of long-established policies, practices and customs of these three (3) educational institutions defendants.

## JURISDICTION AND VENUE

2. This Court has federal jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the District of New Jersey.

## THE PARTIES

4. Plaintiff, Ana Diaz Vega (hereinafter, the "Plaintiff" or "Vega"), as Guardian Ad Litem for J.H., an autistic seven (7) year old infant child, at all relevant times mentioned herein, is J.H.'s biological mother and legal guardian.

5. Defendant, City of Newark (hereinafter, the "City" or "Newark"), is a municipal corporation which, upon information and belief, controls/monitors the day-to-day activities of defendant Newark Board of Education.

6. Defendant, Newark Board of Education (hereinafter, "NBOE"), is a comprehensive community public school district that serves students in pre-kindergarten through twelfth grade, in the City of Newark, Essex County, New Jersey, and controls/monitors the day-to-day activities of defendant Quitman Street School.

7. Defendant, Quitman Street School (hereinafter, "QSS"), is described in pertinent part on its website as "an educational institution that touts its ability to educate, protect and provide to autistic infant children", inter alia. As will be shown hereinbelow, nothing can be further from the truth.

8. Defendant, Corey Foushee (hereinafter, "Foushee"), at all relevant times mentioned herein, was an employee acting within the scope of his employment with defendant, QSS.

## RELEVANT FACTUAL AVERMENTS

9. The plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

10. The plaintiff's nightmare begins. On/about April 13, 2022, the plaintiff picked up her infant child, J.H., a student at defendant QSS. At that time, J.H. was screaming and appeared exceedingly nervous, tense, anxious, panicky, fearful and frightened.

11. Upon questioning, J.H. revealed to his mother that defendant Foushee dragged him, pushed him down the stairs, grabbed him and, using an open hand, then pushed him to the floor. The plaintiff was stunned, shocked and terrified.

12. J.H. was covered with fresh bruises all over his body and face, and his tooth and mouth were bleeding as well.

13. J.H. was promptly transported by his mother for medical treatment, and the treating physician made it clear to her that in his opinion, J.H. was more than likely assaulted. That Doctor suggested that J.H. be taken to the hospital, and that the Newark Police be called forthwith.

14. Detectives from the Newark Police Department (hereinafter, "NPD") investigated, the New Jersey Division of Child Protection and Permanency (hereinafter, "DCPP") was contacted and employees of that child protection agency were dispatched to investigate. The DCPP then opened up an active investigation and case (Exhibit A).

15. The Essex County Prosecutors Office (hereinafter, "ECPO") became involved, and an investigation was immediately opened by that office.

16. Several days later, defendant Foushee was arrested by representatives of the ECPO and charged with several crimes, including aggravated assault and endangering the welfare of a child.

17. Upon further investigation, it was ascertained that defendant Foushee also assaulted, battered and beat J.H. in November, 2021, this beating never being reported/investigated/officially recorded by defendants Newark, NBOE or QSS.

18. Neither of the above-described assaults by defendant Foushee were reported by either him or defendants QSS, Newark or NBOE to the plaintiff, the N.J. State Department of Education or any law enforcement agency at any time. Indeed, all defendants herein willfully and illegally conspired to hide these assaults from the plaintiff, up to and including the present day.

19. The deliberate indifference, purposeful secreting, concealing, and hiding of these assaults upon this inoffensive, autistic seven (7) year old child by all defendants mentioned herein can only be described as illegal, unlawful, illicit, wrongful, disgusting, repulsive, horrific and nauseating.

20. Upon information and belief, defendants QSS, Newark and NBOE had for years known about several unrelated illegal assaults being perpetrated by certain of their employees upon certain students at QSS, yet purposely hid same, never properly recorded/reported same and never advised certain affected parents/guardians of the victims of same.

21. Specifically, the abhorrent acts of all defendants described herein upon this innocent, harmless, blameless and faultless seven (7) year old autistic child have caused such a public uproar so as to reported by innumerable media outlets as far away as Sacramento, California and Miami, Florida (Exhibit B).

22. To make matters worse, on April 18, 2022, a litigation hold/spoliation request was forwarded to and received by defendant NBOE's General Counsel (Exhibit C), which, for unknown reasons, was intentionally/purposely ignored.

23. On April 26, 2022, the requisite Title 59 Notice of Tort Claim (hereinafter, "NOTC") was filed by the plaintiff with the defendants in order to protect numerous common-law causes of action associated herewith (Exhibit D). After the expiration of the state statutory 180 day waiting period, the within Complaint will be amended accordingly to include those applicable causes of action.

## FIRST CAUSE OF ACTION
*(Violation of 42 USC § 1983 – as against Defendant Foushee)*

24. The plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

25. In violation of 42 U.S.C. § 1983, defendant Foushee, while acting under color of law, viciously, violently, maliciously, unreasonably and perversely subjected the plaintiff to the deprivation of the plaintiff's rights, privileges, or immunities secured by the United States Constitution.

26. Specifically, defendant Foushee deprived the plaintiff of his Fourth Amendment and Fourteenth Amendment rights under the United States Constitution.

27. Defendant Foushee, as a public employee, acted for or on behalf of a governmental entity and/or abused his position or the power conferred upon him at the time the plaintiff's rights were deprived.

## SECOND CAUSE OF ACTION
*(42 U.S.C. § 1983 Liability - As Against Defendants Newark, NBOE AND QSS)*

28. The plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

29. Long prior to the above-mentioned dates, defendants Newark, NBOE and QSS developed, cemented, engrained, upheld, preserved and maintained accepted policies or customs exhibiting deliberate indifference to the constitutional rights of students at QSS, which eventually and directly caused the egregious violations of the rights of J.H.

30. Additionally, these three (3) defendants failed to use reasonable care in the selection and monitoring of its employees, failed to properly train and/or supervise them and failed to prevent the violations of the plaintiff's rights at the hands of defendant Foushee.

31. Further, these three (3) defendants, under color of state law, directly or indirectly approved or ratified the unlawful, malicious and wanton conduct of defendant Foushee upon J.H. herein.

32. Moreover, these three (3) defendants failed to train Foushee as to how to appropriately deal with J.H., an autistic seven (7) year old child.

33. Unequivocally, these three (3) defendants knew or should have known that defendant Foushee would have to make daily decisions regarding the physical and emotional treatment he visited upon J.H.

34. Indeed, the lack of training of defendant Foushee led to him violating J.H.'s constitutional rights on at least two (2) separate occasions.

35. Notwithstanding the above, these three (3) defendants, as policy makers, refused to retain or properly train Foushee in how to properly supervise and deal with J.H.

36. The lack of training and/or the inadequate training in these areas is surely tantamount to a custom and/or policy that encourages and, indeed as occurred herein, necessitates the gross violation of these human rights.

37. Foushee knew/believed full well that his actions toward J.H. would not be properly monitored by these three (3) defendants or other teachers/instructors/supervisors at QSS, and that his misconduct would never be adequately investigated or dealt with, but would surely and certainly be tolerated.

38. These three (3) defendants blatant and deliberate indifference herein led to the inescapable fact that if they trained and monitored Foushee properly, then the within abhorrent and illegal assaultive actions and lifelong injuries to J.H. would never have taken place.

### THIRD CAUSE OF ACTION
*(Violation of N.J.S.A. 9:6-1, et seq. – As Against All Defendants)*

39. The plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

40. At all relevant times described herein, the defendants had custody and control over the plaintiff (a child).

41. As described hereinabove and in violation of N.J.S.A. 9:6-1, *et. seq.*, defendant Foushee abused the plaintiff (a child). Specifically, defendant Foushee used excessive physical restraint and assertive physical abuse upon the plaintiff (a child) under circumstances which do not indicate that the child's behavior is harmful to himself, others or property.

42. Moreover, as described hereinabove and in violation of N.J.S.A. 9:6-1, *et. seq.*, defendant Foushee was cruel to the plaintiff (a child). Specifically, defendant Foushee inflicted upon the plaintiff (a child) unnecessary suffering or pain, either mental or physical.

43. As described hereinabove and in violation of N.J.S.A. 9:6-1, *et. seq.*, Defendants Newark, NBOE, and QSS all allowed the plaintiff to be physically injured by defendant Foushee in a manner other than accidental means which caused or created a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ.

44. As described hereinabove and in violation of N.J.S.A. 9:6-1, *et. seq.*, Defendants Newark, NBOE, and QSS allowed defendant Foushee to create a substantial or ongoing risk of physical injury to the plaintiff (a child) by other than accidental means which would be likely to cause death or serious or protracted disfigurement, or protracted loss or impairment of the function of any bodily organ.

45. As described hereinabove and in violation of N.J.S.A. 9:6-1, *et. seq.*, Defendants Newark, NBOE, and QSS allowed defendant Foushee to impair the plaintiff's (a child) physical, mental or emotional condition as the result of all defendants failures to exercise a minimum degree of care in providing the plaintiff (a child) with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof, including the infliction of excessive corporal punishment or using excessive physical restraint under circumstances which do not indicate that the child's behavior is harmful to himself, others or property; or by any other act of a similarly serious nature requiring the aid of the court.

46. Moreover, as described hereinabove and in violation of N.J.S.A. 9:6-1, *et. seq.*, all defendants had reasonable cause to believe that the plaintiff (a child) had been subjected to child abuse, yet failed to report the same immediately to the DCPP by telephone or otherwise.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38, the plaintiff herein demands a trial by jury on all counts.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays that this honorable United States District Court:

(a) accept jurisdiction over this matter;

(b) empanel a jury to hear and decide this matter;

(c) award against all defendants compensatory and punitive damages in a manner determined by a jury;

(d) award to plaintiff the reasonable statutory attorneys' fees, interest and costs of this litigation; and

(e) for such/any other relief that this Court deems equitable and just.

Dated: May 19, 2022					By:	*/s/ Patrick P. Toscano, Jr.*
							Patrick P. Toscano, Jr.